**Jimmy SANDERS, Plaintiff,**

v.

**Calumet Park Police Officer D. MARO- VICH, Star No. 22, Individually, Calu- met Park Police Officer Groszek, Star No. 23, Individually, and Calumet Park Police Sergeant J. Chudzinski, Star No. 9, Individually, Defendants.**

No. 99 C 5685.

United States District Court, N.D. Illinois, Eastern Division.

May 3, 2000.

Garrett W. Browne, Ed Fox & Associates, Chicago, IL, for plaintiff.

Steven M. Puiszis, Hinshaw & Culbertson, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

In August 1997, the defendant officers broke down Jimmy Sanders' door in Calu-

met Park, Illinois, entered his apartment without a warrant, and arrested him for domestic battery. He sued under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. The officers move for summary judgment on the grounds that that they had probable cause to suspect that domestic battery was occurring right then and they also argue that they had qualified immunity even if they lacked probable cause.

The defendants say that they were responding to a disconnected 911 call from a woman, that the 911 dispatcher called back, and a woman answered, but the phone was taken away from her. Mr. Sanders and the woman with whom he then resided, Yvette Jones, testify by affidavit that she placed an emergency call, but that she did not say or imply to the operator that she was being beaten or that there was any emergency at the residence. The defendants say it is official policy to investigate in such cases, and when they did, Mr. Sanders refused to open the door. Three warnings, minutes of knocking, and clear warnings were met by an adamant refusal to open up, according to the defendants, so they broke down the door, Mr. Sanders swears that they knocked only a few times, failed to explain the purpose of their visit, and that he did not refuse to open the door. The police officers say that they arrested Mr. Sanders when they observed marks on Ms. Jones' arms consistent with her being beaten or shoved. Mr. Sanders and Ms. Jones deny that there were any such marks or that he had raised a hand against her.

The defendants argue that they had probable cause for a warrantless search under the exigent circumstances doctrine because of the 911 call. *See United States v. Richardson*, 208 F.3d 626, 629 (7th Cir. 2000) (A 911 call can in some circumstances be enough to support warrantless searches under the exigent circumstances exception, at least where the caller identifies himself.). They also invoke qualified immunity. In analyzing this affirmative

defense, I ask: (1) does the alleged conduct set out a constitutional violation? and (2) Were the constitutional standards clearly established at the time? *Forman v. Richmond Police Dep't.*, 104 F.3d 950, 957 (7th Cir.1997).

■ The alleged conduct would constitute a violation. Mr. Sanders says that the police broke down the door after only a few knocks without identifying themselves or explaining the purpose of their visit on the basis of a 911 call where the caller did not identify herself. The policy that a 911 call can support a warrantless search does not extend to the facts testified to by Mr. Sanders.

■ However, qualified immunity should be granted when the official's conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The very action in question need not have previously been held unlawful, but in the light of pre-existing law, the unlawfulness must be apparent. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

■ Here, the unlawfulness of the alleged conduct would not have been apparent. In view of the 911 call, a reasonable officer might have plausibly thought that exigent circumstances existed. A 911 call "is one of the most common—and universally recognized—means through which police ... learn that there is someone in a dangerous situation who urgently needs help. This fits neatly with a central purpose of the exigent circumstances ...exception to the warrant requirement, namely, to ensure that the police ... are able to assist persons in ... need ...." *Richardson*, 208 F.3d at 629. A 911 call does not always create an effective qualified immunity defense, *see id.*, (noting the "risk of

fraud or ... unreliable and unproven information from 911 callers"), but here, the evidence that a woman's 911 call was twice disconnected would be enough to explain a reasonable mistake about the existence of exigent circumstances, given the connection between a 911 call and such circumstances, even if, on the plaintiff's account, it would not have been reasonable to think that the exigent circumstances actually existed. Accordingly, the defendants are entitled to qualified immunity.

I GRANT the defendants' motion for summary judgment.